AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  2:25-MJ-130 |
| HENRY NORMAN | ) | |
| *Defendant(s)* | ) | |
| | ) | |

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
         FILED

      AUG 2 1 2025

CLERK. U.S. DISTRICT COURT
By_____
            Deputy
```

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 20, 2025_____ in the county of _____Carson_____ in the

__Northern__ District of _____Texas_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) | Possession with Intent to Distribute Cocaine |

This criminal complaint is based on these facts:

See attached affidavit

✔ Continued on the attached sheet.

_____
*Complainant's signature*

Aaron Tarnutzer, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 21st day of August, 2025.

Date: 8/21/25

City and state: _____Amarillo, TX_____

_____
*Judge's signature*

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:25-MJ-130

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Aaron Tarnutzer, being duly sworn, depose and state:

1.      I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2.      I am assigned to the DEA's Amarillo Resident Office (ARO).  I was assigned as a Task Force Officer with DEA in April 2024, and have also been employed as a Special Agent with The Texas Department of Public Safety (DPS) Criminal Investigations Division (CID) for three (3) years. I have been employed with DPS for the past fifteen (15) years and twelve (12) of those years I was assigned as a State Trooper in the Texas Highway Patrol.  In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in the field of narcotics trafficking investigations, including but not limited to, conducting surveillance, smuggling, undercover operations, methods of packaging, utilizing confidential sources, executing arrest and search warrants, and have I become very efficient in the development of probable cause.

3.      This affidavit is made in support of a complaint and arrest warrant for Henry NORMAN.  I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4.      On August 20, 2025, Texas Department of Public Safety (DPS) Texas Highway Patrol (THP) Trooper Lonnie Rawlins was assigned to work a drug interdiction task force on Interstate (IH) 40 in Carson County, Texas. Trooper Rawlins was assigned night shift in a marked DPS patrol vehicle, and around approximately 10:25 p.m., Trooper Rawlins observed a black Volkswagen Jetta bearing Florida registration AW02MC traveling eastbound. While observing the vehicle travel eastbound, Trooper Rawlins observed the Volkswagen cross the white shoulder line of the interstate without any indication to turn, pull over or avoid a hazard in the roadway.

5. When Trooper Rawlins observed the traffic violation, Trooper Rawlins activated emergency lights and initiated a traffic stop. Driving on the improved shoulder is a violation of the Texas Transpiration Code section 545.058. Trooper Rawlins approached the vehicle and identified one male driver and sole occupant as Henry NORMAN. During the roadside interview, Trooper Rawlins observed indicators of criminal activity

**Page 1 of 3**

including, NORMAN's extreme nervousness, an unusual and inconsistent reason for travel and he also observed the strong odor of marijuana emitting from the Volkswagen.

6. After the roadside interview, Trooper Rawlins had NORMAN exit the vehicle, and conducted a probable cause vehicle search based on the presence of the odor of the marijuana. In the rear luggage compartment of the trunk, Trooper Rawlins located two duffle bags. One (1) blue duffle bag was searched and contained twenty (20) black plastic vacuum sealed bags of suspected marijuana. One (1) red duffle bag, was searched and contained ten (10) tan plastic and tape sealed brick shaped bundles consistent with narcotics. Trooper Rawlins placed NORMAN under arrest for possession of the narcotics. The Volkswagen and NORMAN were transported to the DPS office in Panhandle, Texas.

7. Drug enforcement Administration (DEA) Task Force Officer (TFO) Aaron Tarnutzer, TFO Thomas Newton, Special Agent (SA) Fernando Burga, SA Matt Hundley, SA Joseph Curtis and DPS Special Agent Alex Gallagher were all contacted and responded to the DPS office in Panhandle, Texas. Once on scene, TFO Tarnutzer took photographic evidence of the narcotics and weighed the ten (10) brick shaped bundles. The bundles had a gross weight of 11.50 kilograms. TFO Tarnutzer utilized the Thermo Scientific TruNarc to direct scan one (1) of the brick shaped bundles and received a positive scan for cocaine.

8. TFO Tarnutzer, SA Gallagher and SA Burga conducted an interview with NORMAN. TFO Tarnutzer read NORMAN the *Miranda* rights and asked NORMAN if the rights were understood. NORMAN verbally acknowledged an understanding of his rights agreed to speak with the Officers and Agents present.

9. NORMAN admitted that on August 16, 2025, NORMAN had rented the Volkswagen in Tampa, Florida, the city in which NORMAN resides. NORMAN stated that NORMAN traveled to Hesperia, California where NORMAN picked up the narcotics at a Pilot Travel Center on US-395.  NORMAN admitted he was transporting the narcotics back to Greenville, North Carolina and he was going to be compensated five thousand dollars ($5000.00) for transporting the narcotics.

_____
Aaron Tarnutzer
DEA Task Force Officer

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this _01st_ day of ___August___, 2025.

Lee Ann Reno, U.S. Magistrate Judge        _____
Name and Title of Judicial Officer              Signature of Judicial Officer

_____
Joshua Frausto
Assistant United States Attorney